### HOULISTON v. CITY OF GRAND RAPIDS.

MUNICIPAL CORPORATIONS—PERSONAL INJURIES—DAMAGES—EXCESSIVE VERDICT.

In an action against a municipal corporation for damages for personal injuries received when plaintiff stepped on the cover of a manhole in a public street, which turned, causing him to fall, a verdict for $8,000 should not be set aside as excessive and unreasonable where there was testimony that plaintiff was thereby rendered impotent and his general health permanently affected, and it cannot be said that the verdict was the result of sympathy, partiality or prejudice.

Error to superior court of Grand Rapids; Perkins (Willis B.), J., presiding. Submitted September 4, 1923. (Docket No. 141.) Decided October 1, 1923.

On question of excessiveness of verdicts in actions for personal injuries other than death, see note in L. R. A. 1915F, 30.

.Case by Alexander Houliston against the city of Grand Rapids and others for personal injuries. Judgment for plaintiff. Defendants bring error. Affirmed.

*H. Monroe Dunham,* for appellants.

*Lombard & Atkinson,* for appellee.

SHARPE, J.   The plaintiff, a traveling salesman, residing in Cleveland, Ohio, while walking along Ottawa avenue, in the city of Grand Rapids, on May 9, 1921, stepped on the cover of a manhole in front of a building owned by the defendants Aldrich. The cover turned and he fell astride it, thereby receiving injuries which he claims have left him impotent and also permanently affected his general health.   In this action, brought to recover damages therefor, he recovered a verdict for $8,000, on which judgment was rendered.   Defendants' motion for a new trial, on the ground that the verdict was "grossly excessive and unreasonable," was overruled.   The judgment is here reviewed by writ of error.   The only assignments discussed are those involving the denial of the motion for a new trial because of the excessive verdict.

It appears that the case had been tried once before and that the then presiding judge had set aside the verdict for $6,000 then rendered because in his opinion it was "grossly in excess of what the plaintiff is entitled to."   There is nothing in the record to indicate that the jury were influenced by any considerations, other than the evidence submitted, in reaching their verdict.   The plaintiff was a nonresident of the State. The proof as to his injury and his physical condition since that time consisted largely of his own testimony and that of Dr. Siemon, his family physician in Cleveland.   He testified positively that he was now impotent as a result of his injury and the doctor

expressed the opinion that his condition in this respect would be permanent.    The defense relies on the testimony of Dr. Schnoor, the house physician at the hotel in which plaintiff was stopping, who was called upon to treat him, and that of Dr. Warnshuis, who examined him and found nothing abnormal in his condition.    The jury doubtless gave due consideration to all this testimony in reaching their verdict.

Plaintiff testified that he was earning $6,000 a year at the time of his injury, that he was necessarily idle for two months thereafter, and that his earnings since "have depreciated over a third."    His outlay for medical treatment has been more than $300.    We are not impressed that the damages awarded are so clearly excessive as to justify the conclusion that they were the result of sympathy, partiality or prejudice, and not of cool and impartial deliberation.    The trial court was of the opinion that, if the plaintiff was injured to the extent claimed by him, the verdict was not excessive.    With this conclusion we agree.    See *Fishleigh* v. *Railway*, 205 Mich. 145, where the subject, excessive verdict, is discussed at length.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.